BROOKE, P.
Upon a review of the cases relied on in the argument for the appellant, it is very apparent, that this court, in its construction of the statute for reforming the proceedings in writs of right, has looked more to the effect of the pleadings, than to the forms prescribed and set out in the statute ; which was fuly warranted by the words of the statute, so often repeated, that the count and the pleadings shall each be in the form there given, “ or to that effect. ” And the inquiry, in all the cases cited, has always been, is there sufficient certainty in the description of the land and premises, demanded in the pleadings, to give full notice to the parties of the controversy on which the mise was joined, so that the judgment or the verdict would be a bar to another writ for the same matter? To require greater strictness in the pleadings, after verdict, would countenance all the dela37s of the view, which embarrassed the proceedings at common law, which had been abolished bjr the statute of 1734, ch. 6, § 10, (4 Hen. stat. at large, p. 402,) and which, among *other inconveniences, the statute for reforming the method of proceeding in writs of right was intended to obviate. At the common law, the tenant by waiving view, and joining the mise, took upon himself a knowledge of the land demanded in the count; and, under the statute, by joining the mise, he waives all objection to the description of the land demanded in the count, if it be sufficient for the purposes before stated. The cases of Turberville v. Long, 3 Hen. 6 Munf. 309, Lovell v. Arnold, 2 Munf. 167, and Bolling v. Mayor of Petersburg, 3 Rand. 563, illustrate this doctrine.
In the case before us, the first objection is to the sufficiency of the description of the tenement demanded in the count: “a certain tenement, consisting of the one stone house with the appurtenances” &c. This, it is insisted, is uncertain, because by a grant of a house eo nomine, the cur-tilage, which is of no fixed extent, will pass, and therefore ought to be described in the pleadings by metes and bounds. Had the count merely demanded a stone house and its appurtenances, it might possibly be within the case of Beverley v. Fogg. But the demand is'of a certain tenement consisting of the one stone house and its appurtenances; limiting the description to the tenement or land on which the house stands. A tenement consisting of the one stone house, I think, can include no more.
The other objections to the blanks in the plea, and to the bad grammar of the replication, cannot be entitled to any weight, after a verdict on the mise joined, which is responsive to the charge to the jury. The tenant could-not be permitted to set aside the verdict for faults in his own plea, especially m a case in which the blanks in the plea are supplied by the charge to the jury.
The other judges concurred, and the judgment was affirmed.